# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————— x

IN RE SCHERING-PLOUGH CORPORATION : 
SHAREHOLDERS DERIVATIVE :
LITIGATION :     **Master Derivative Docket**
:
----------------------------------------------------------------- :     **No. 01-1412 (KSH)**
:
THIS DOCUMENT RELATES TO: :
ALL ACTIONS :
———————————————————— x

## PRELIMINARY APPROVAL ORDER

This matter came before the Court on the application of the Settling Parties for preliminary approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement, dated as of October 3, 2007 (the "Stipulation"). Due and adequate notice having been given to the Settling Parties, and the Court having considered the Stipulation and all other papers filed and proceedings had herein and otherwise being fully advised in the premises and good cause appearing therefore, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court preliminarily approves the proposed Settlement, as set forth in the Stipulation.

3. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for the purposes of the Settlement, that the Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf

of Schering, and that plaintiffs fairly and adequately represent the interests of Schering Shareholders in enforcing the rights of Schering.

4.   The Court will hold a settlement hearing on December 4th, 2007 at 10 a.m. in Courtroom 5, United States Courthouse, District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 (the "Settlement Hearing"): (i) to determine pursuant to Federal Rule of Civil Procedure 23.1 whether to grant final approval of the proposed Settlement as fair, reasonable and adequate and in the best interests of Schering and Schering Shareholders; (ii) to hear and determine any objections to the Settlement; (iii) to determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing all claims in the Second Amended Complaint against the Released Parties with prejudice and releasing the claims released in the Stipulation; (iv) in the event the Court approves the Settlement, to rule upon an application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

5.   The Garden City Group is appointed the Notice Administrator in this matter.

6.   Notice of Schering-Plough Corporation Settlement of Derivative Claims, including the date and time of the Settlement Hearing and the application of Plaintiffs' Counsel for fees and expenses (the "Settlement Notice"), shall be provided by first class mail to Schering Shareholders within five (5) business days following the entry of this Order, which Settlement Notice shall be substantially in the form of the Settlement Notice attached as Exhibit B to the Stipulation.

7.  In addition, summary notice, substantially in the form of the Summary Notice attached as Exhibit C to the Stipulation shall be published in *The Wall Street Journal* and *Investors Business Daily*, not later than ten (10) days following the entry of this Order.

8.  At or prior to the Settlement Hearing, Plaintiffs' Counsel shall file proof by affidavit of the dissemination of the Settlement Notice and publication of the Summary Notice as set forth herein.

9.  The Settlement Notice and Summary Notice, disseminated in accordance with the provisions of paragraphs 6 and 7 above, are hereby preliminarily found to be reasonable and sufficient under the circumstances, and to comply with the provisions of Federal Rule of Civil Procedure 23.1 and the requirements of due process of the United States Constitution, and to constitute due and sufficient notice to all Persons affected by the proposed Settlement or entitled to participate in the Settlement Hearing regarding the Derivative Claims.

10. The Court will consider objections to the proposed Settlement or the award of attorneys' fees and reimbursement of expenses at the Settlement Hearing, but only if such objections, and any supporting papers, are filed with the Clerk of the Court, United States Courthouse, Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, New Jersey 07101, not later than November 21st, 2007, and, by the same date, copies of all such papers are also served on each of the following persons:

**Demand Futility Counsel:**
Karen L. Morris, Esq.
MORRIS AND MORRIS LLC
  COUNSELORS AT LAW
4001 Kennett Pike, Suite 300
Wilmington, DE  19807

**Demand Counsel:**

Jeffrey S. Abraham, Esq.
ABRAHAM FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, NY   10119

**Defense Counsel:**

David M. Murphy, Esq.
WACHTELL, LIPTON,
 ROSEN & KATZ
51 West 52nd Street
New York, NY   10019

Written objections must provide a detailed statement of the objector's specific objections, and must include all documents such Person wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, how many shares of Schering common stock owned as of the date of June 1, 2007, the date that such stock was acquired, and whether such Person still owns any such Schering shares.  Any Person who fails to object in this manner shall be deemed to have waived such objections and shall be forever barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

11.  Any Schering Shareholder may appear at the Settlement Hearing, in person or by counsel, and show cause, if any:  why the proposed Settlement of the Derivative Claims should not be approved as fair, reasonable and adequate and in the best interests of Schering; why attorneys' fees should not be awarded and expenses reimbursed in the amount requested by Plaintiffs' Counsel; or why the Judgment should not be entered, provided, however, that no such Person shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the fees or the reimbursement of expenses requested, or, if approved, the Judgment to be entered approving the same, unless by November 21st,

2007, that Person has served, by hand, first class mail or reputable express carrier upon each of the three persons listed in paragraph 10 above, and filed with the Clerk of the Court, United States Courthouse, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey  07101, the following materials: (i) a notice of intention to appear; (ii) a statement specifying that Person's name, address, telephone number, how many shares of Schering common stock owned as of June 1, 2007, the date that such stock was acquired, and whether such Person still owns any such Schering shares; (iii) a statement of such Person's position with respect to such matter or matters, as well as all documents and writings which such Person desires the Court to consider, and the names of witnesses, if any, the Schering Shareholder desires to present at the hearing.

12.   Nominees who hold Schering common stock and receive the Settlement Notice shall send the Settlement Notice to all beneficial holders of Schering common stock within ten (10) days after receipt thereof, or shall send a list of names and addresses of such beneficial holders to the Notice Administrator, as set forth in the Settlement Notice.  Nominees may apply for, and shall be reimbursed for their reasonable and actual, out-of-pocket expenses incurred in identifying and notifying beneficial holders in accordance with the provisions of the Notice.

13.   The Court reserves the right to approve the Stipulation with modifications agreed to by the Settling Parties and without further notice to any Schering Shareholders, and retains jurisdiction over the Derivative Claims to consider all further applications arising out of or connected with the proposed Settlement.

14.   Pending final determination whether the Settlement and Stipulation should be approved, all proceedings in this action, other than proceedings necessary to carry out the

terms and conditions of the Settlement, are stayed, and the Plaintiffs and/or every Schering Shareholder, or any of them, are preliminarily barred and enjoined from (a) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties, or (b) challenging the Settlement other than in this Action in accordance with the procedures established by the Court.

15.   Neither the Stipulation, nor the Exhibits thereto, nor any document referred to therein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Released Parties, or any of them, of any fault, wrongdoing or liability whatsoever.

16.    In the event the Settlement is not approved by the Court, or is terminated for any reason, the Settlement and all of its terms shall be null and void, of no further force or effect, without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person.  In addition, the Tolling Agreements shall remain in effect until the date of the non-approval or termination of the Settlement, and the parties thereto shall be restored to his, her or its respective position as of the date of the non-approval or termination of the Settlement, in accordance with provision 6.3 of the Stipulation.

Dated: November 5th, 2007
Newark, New Jersey

SO ORDERED.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.