UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————————— x
IN RE SCHERING-PLOUGH CORPORATION :
SHAREHOLDERS DERIVATIVE          :
LITIGATION                       :        **Master Derivative Docket**
                                 :        **No. 01-1412 (KSH)**
                                 :
THIS DOCUMENT RELATES TO         :
                                 :
ALL ACTIONS                      :
———————————————————————— x

## ORDER AND FINAL JUDGMENT

The above-captioned matter, having come before the Court for hearing, as noticed, on December 11, 2007, at 2:00 p.m., pursuant to the Order of this Court, dated November 7, 2007 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all Persons having any objection to the proposed settlement of the Derivative Claims (the "Settlement") embodied in the Stipulation of Settlement, dated October 3, 2007 (the "Stipulation") or the request for attorneys' fees and reimbursement of expenses in this action having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor;

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1.      Unless otherwise defined below, all terms that are capitalized herein shall have the same definitions as used in the Stipulation.

1

2.     This Court has jurisdiction over the subject matter of the Derivative Claims and the Settling Parties.

3.     Based upon the evidence submitted by Plaintiffs' Counsel, this Court finds that the form and the method of dissemination of both the Settlement Notice and the Summary Notice (collectively, the "Notice"), as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1 and satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.  A full opportunity has been offered to Schering Shareholders to object to the proposed Settlement and to participate in the hearing thereon.

4.     The proposed Settlement of the Derivative Claims is found to be fair, reasonable, proper and in the best interests of Schering and Schering Shareholders.  In making this determination, the Court has considered the substantial benefits the Settlement provides Schering, taking into account among other factors the risks of establishing liability and proving damages, the complexity, expense and likely duration of the litigation, and the stage of the proceedings. *See, e.g.*, *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1034 (3d Cir. 1993) (*citing Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975)); *Unite National Retirement Fund v. Watts*, 2005 U.S. Dist. LEXIS 26246 (D.N.J., October 28, 2005).

5.     The Court finds, for settlement purposes, that (1) the action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the plaintiffs adequately represent the interests of Schering Shareholders in enforcing the rights of Schering.

6.      The Stipulation and the terms of the proposed Settlement of the Derivative Claims set forth therein are, in all respects, approved.   The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      Subject to the provisions herein, this Court hereby dismisses the Second Amended Complaint and the Derivative Claims with prejudice and in their entirety, on the merits, as against all Settling Defendants, with each Settling Party to bear its own costs, except as set forth in Paragraph 10 below.

8.      Upon the Effective Date, each of the Releasing Parties, on behalf of him/her/itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall: (i) have, fully, finally and forever released, relinquished and discharged all Released Claims as against all the Released Parties; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims against any of the Released Parties.

9.      Upon the Effective Date, each of the Settling Defendants, on behalf of him/her/itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs and Plaintiffs' Counsel from all claims or

3

demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Derivative Claims and/or the Released Claims.

10.     Plaintiffs' Counsel in the action are hereby awarded attorneys' fees of $9,500,000.  Plaintiffs' Counsel are further awarded reimbursement of expenses (including experts' fees and expenses) not to exceed $300,000.  This Court finds that this amount is fair and reasonable under the facts and circumstances of this case.  (See Amended Opinion filed January 14, 2008.)  Payment of such award of attorneys' fees and reimbursement of expenses shall be made in accordance with the provisions of the Stipulation.

11.     Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

12.     Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor its Exhibits, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be: (a) offered or received against any of the Settling Defendants as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Settling Defendants of the truth of any fact alleged by the Plaintiffs or the validity of any claim that has been or could have been asserted in the Second Amended Complaint, the Demand Letter or in any other proceeding, or the deficiency of any defense that could have been asserted in response to the Second Amended Complaint, the Demand Letter or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Settling Defendants; (b) offered or received against any of the Settling

Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendants, or against the Plaintiffs as evidence of any infirmity in the claims of the Plaintiffs; (c) offered or received against any of the Settling Defendants as evidence of a presumption, concession, or admission of any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any other civil, criminal or administrative action, arbitration, or other proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendants may refer to it to effectuate the releases and the liability protection granted them hereunder; (d) construed against any of the Settling Defendants or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or their counsel or any of them that any of the claims asserted in the Derivative Claims are without merit.

13.     This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Claims.  No Settling Party may assert in any forum that the Derivative Claims were brought, commenced or prosecuted by Plaintiffs or their counsel or defended by the Settling Defendants or their counsel in bad faith or that the Derivative Claims were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel.  No claims of any

violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Derivative Claims may be brought by any Settling Party.

14.     The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged and decreed. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     Entry of the Order and Final Judgment settles and disposes of and discharges all of the Released Claims.  In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be deemed without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and may not be used in any manner or for any purpose in the litigation of any of the Derivative Claims or in any other action or proceeding.  In addition, the Tolling Agreements shall remain in effect until the date of the non-approval or termination of the Settlement, and the parties thereto shall be returned to their respective positions as of the date of the non-approval or termination of the Settlement, in accordance with provision 6.3 of the Stipulation.

IT IS SO ORDERED.

Dated: January 14, 2008

Katharine S. Hayden, U.S.D.J.

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
——————————————————————————  x
                              :
IN RE SCHERING-PLOUGH CORPORATION   :
SHAREHOLDERS DERIVATIVE       :
LITIGATION                    :     Master Derivative Docket
                              :     No. 01-1412 (KSH)
——————————————————————————          :
                              :
THIS DOCUMENT RELATES TO:     :
ALL ACTIONS                   :
——————————————————————————  x
```

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of October 3, 2007, is entered into, by and through their respective counsel, by: (a) Richard Pendolphia, on behalf of Laborers Tri-County Pension Fund, the Helene Gissen Revocable Trust a/k/a Helene Rosenthal, Philip E. McCarthy, William W. Prager, Jr., and Dr. David Sherr (the "Plaintiffs"); (b) nominal defendant Schering-Plough Corporation ("Schering" or the "Company"); and (c) Hans W. Becherer, Raul Cesan, Hugh A. D'Andrade, Regina E. Herzlinger, Richard J. Kogan, David H. Komansky, Robert P. Luciano, Eugene R. McGrath, Donald L. Miller, H. Barclay Morley, Carl E. Mundy, Richard J. Osborne, Patricia F. Russo, Robert F. van Oordt, Arthur F. Weinbach, and James Wood (collectively, the "Individual Defendants" and, with (a) and (b), collectively, the "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally and forever compromise, resolve, discharge, and settle the Released Claims in accordance with the terms and conditions set forth below, subject to the approval of the United States District Court for the District of New Jersey (the "Court"):

## HISTORY OF THE LITIGATION AND THE SETTLEMENT PROCESS

A.      Following Schering's public disclosure in February 2001 of, inter alia,

issues pertaining to manufacturing at certain of its facilities and the related decision by the Food

and Drug Administration ("FDA") to delay approval of the Company's new drug, Clarinex,

derivative actions were filed in both federal and state court in New Jersey.  The federal cases

were consolidated (the "Federal Derivative Litigation"), and the state court action was stayed,

and then subsequently dismissed without prejudice.  A Consolidated Amended Derivative

Complaint (the "Amended Complaint") was filed in the Federal Derivative Litigation on

November 9, 2001.

B.      Plaintiffs Pendolphia and Gissen alleged that the Individual Defendants

who were members of the Company's board of directors (the "Board") during the relevant period

breached their fiduciary duties.  They further alleged that the purported misconduct of the

Individual Defendants harmed Schering, and that the Company was entitled to recovery of

damages.

C.      On December 26, 2001, Dr. David Sherr, a shareholder of Schering, sent a

separate demand letter (the "Demand Letter") to the Board demanding that the Company take

legal action against, inter alia, Richard J. Kogan, the then Chairman and Chief Executive Officer

of the Company and Raul E. Cesan, the former President and Chief Operating Officer of the

Company, for matters relating to the aforementioned manufacturing issues and the delay in the

approval of Clarinex.

D.      The Board created an Evaluation Committee in January 2002 to consider

the claims raised in the Demand Letter and the Federal Derivative Litigation.  The Evaluation

Committee's charge also included consideration of the issues pertaining to manufacturing at

Schering's facilities and the FDA's decision to delay the approval of Clarinex.  In October 2002,

Dr. Sherr's counsel met with counsel for Schering and communicated orally and through

correspondence to the Evaluation Committee, as well as its counsel, his view that the Company

should engage in meaningful corporate governance reform to prevent a recurrence of the fines

and alleged damage to its business that it had suffered from the FDA actions.

      E.     In November 2002, counsel for the Evaluation Committee sent letters to

Demand Futility Counsel and Demand Counsel regarding the Evaluation Committee's

recommendation, and the Board's business judgment, that the Company refuse Dr. Sherr's

demand and move to terminate the Federal Derivative Litigation.[1]

      F.     Thereafter, in December 2002, prior to the filing of any motion to

terminate, counsel for the defendants approached Plaintiffs' Counsel to explore whether the

Derivative Claims could be settled, rather than litigated.

      G.     Beginning in January 2003, the Settling Parties engaged in extensive and

arm's-length negotiations over a four-year period, in an effort to resolve the Derivative Claims.

During that period, the Settling Parties have undertaken highly detailed discussions regarding

corporate governance and compliance issues during multiple face-to-face and telephonic

negotiations with Schering's counsel (both in-house and outside), third-party consultants, and

senior management (including compliance executives) within Schering.  These negotiations

resulted in the Agreement on Corporate Governance and Compliance Revisions attached hereto

as Exhibit A.

---

[1]    This determination was made by the full Board, with Mr. Kogan and one other director
recusing themselves.

H.    The Settling Parties also engaged in mediation before retired United States Magistrate Judge Edward A. Infante.

I.    By Order of the Court, dated May 31, 2007, the Plaintiffs filed the Joint and Consolidated Second Amended Shareholder Derivative Complaint (the "Second Amended Complaint"), which joined Messrs. McCarthy, Prager and Sherr as plaintiffs, re-alleged the demand futility claims set forth in the Federal Derivative Litigation and alleged that the Board improperly refused the demand made in the Demand Letter.

J.    As a result of the aforementioned negotiations and mediation, the Settling Parties have agreed to the material terms of a settlement, resulting in the agreement set forth herein.

## THE SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

K.    The Settling Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Second Amended Complaint and in the Demand Letter.  The Settling Defendants also have denied and continue to deny all allegations that Schering has suffered damage by or as a result of the conduct alleged in the Derivative Claims with respect to the Settling Defendants.

L.    The Settling Defendants have nevertheless concluded that it is desirable to settle the Derivative Claims in the manner and upon the terms and conditions set forth in this Stipulation.

M.    Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document referred to herein or exhibit attached hereto, nor any action taken to carry out this Stipulation is, may be construed as, or may be used as, evidence of the validity of

-4-

any Released Claims or as an admission by or against the Settling Defendants of any fault, wrongdoing, or concession of liability whatsoever.

N.	Neither this Stipulation nor the Exhibits hereto shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that this Stipulation and the Exhibits hereto may be filed as evidence of the Settlement or in any action against the Released Parties to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

## THE DERIVATIVE CLAIMS AND THE BENEFITS OF SETTLEMENT

O.	Based on their review and analysis of the relevant facts and controlling legal principles, Plaintiffs' Counsel and the Settling Defendants believe that the Settlement set forth in this Stipulation confers substantial benefits upon, and is in the best interests of, Schering. The Settling Parties have agreed to settle pursuant to the terms and provisions of this Stipulation after considering, _inter alia_, the substantial benefits that Schering will receive.

P.	Although the Plaintiffs believe that the Derivative Claims have substantial merit, Plaintiffs and their Counsel recognize and acknowledge the expense and length of time that would be required to prosecute the Derivative Claims through trial and appeal.  Plaintiffs and their Counsel have also taken into account the uncertain outcome and the risks of litigating the Derivative Claims, as well as the difficulties and delays inherent in such litigation.

Q.	The Settling Parties acknowledge that the Derivative Claims have been filed, commenced and prosecuted by the Plaintiffs and defended by the Settling Defendants in

good faith and with adequate basis in fact and law under Federal Rule of Civil Procedure 11, and that the Derivative Claims are being voluntarily settled based on the advice of counsel.

R.     The Settling Parties, through their counsel, have conducted extensive, arm's length negotiations with respect to the compromise and settlement of the Derivative Claims. Plaintiffs, through their counsel, have conducted an extensive investigation into the underlying facts and strength of the Derivative Claims. This investigation, Plaintiffs' Counsel's independent corporate governance analysis and research, and discussions with third-party consultants and senior officials at the Company have been integral to Plaintiffs' Counsel's assessment of the claims and the fashioning of an appropriate settlement. It is on the basis of this investigation and legal and expert analysis, among other things, that Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation confer substantial benefits upon, and are in the best interest of, Schering, and have agreed to settle the claims raised in the Second Amended Complaint, pursuant to the terms and provisions of this Stipulation.

NOW, THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Derivative Claims whatsoever, and without any admission or concession on the part of the Settling Defendants as to the merits of the Derivative Claims or as to any liability or wrongdoing whatsoever, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, through their respective counsel, that, subject to the approval of the Court, in consideration of the substantial benefits flowing to the Settling Parties hereto from the Settlement, the Released Claims shall be finally and fully compromised, settled, and released and the Derivative Claims shall be dismissed with prejudice:

## 1.     **DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Bruce G. Murphy, Esq." means the Law Offices of Bruce G. Murphy PC, located at 265 Llwyd's Lane, Vero Beach, Florida 32963, a counsel for plaintiff Philip E. McCarthy, and is included in the definition of Plaintiffs' Counsel (see ¶ 1.13, below) solely for purposes of paragraphs 2.5, 3.2, 4.2, 5.1 and 7.5 of this Stipulation.

1.2     "Demand Counsel" means Jeffrey S. Abraham, currently a partner with Abraham, Fruchter & Twersky LLP, One Penn Plaza, Suite 2805, New York, New York 10119.

1.3     "Demand Futility Counsel" means (a) Karen L. Morris, Esq., Morris and Morris LLC Counselors at Law, 4001 Kennett Pike, Suite 300, Wilmington, Delaware 19807; (b) Deborah R. Gross, Esq., Law Offices of Bernard M. Gross, Suite 450, The Wanamaker Building, Juniper and Market Streets, 100 Penn Square East, Philadelphia, Pennsylvania 19107; and (c) Olimpio Lee Squitieri, Esq., Squitieri & Fearon, LLP, 615 Franklin Turnpike, Ridgewood, New Jersey 07450.

1.4     "Demand Shareholder" means Dr. David Sherr.

1.5     "Derivative Claims" means the claims asserted or encompassed in the Second Amended Complaint and the Demand Letter.

1.6     "Effective Date" means the date upon which the Judgment approving the Settlement in accordance with this Stipulation becomes Final as a matter of law and is no longer subject to appellate review.

1.7     "Final" means the latest of:  (a) the expiration of the time for the filing or noticing of any motion for reconsideration or appeal of the Judgment; (b) the final affirmance of the Judgment on an appeal or after reconsideration, the expiration of the time for a petition, or a

denial of any petition, to review the affirmance of the Judgment on appeal, or, if such petition is granted, the final affirmance of the Judgment following review pursuant to that grant; or (c) the final dismissal of any appeal from the Judgment or the final resolution of any proceeding to review any appeal from the Judgment without any material change to the Judgment.  Any proceeding or order, or any appeal or petition for a review of a proceeding or order, pertaining solely to any application for or award of attorneys' fees or expenses shall not in any way delay or preclude the Judgment from becoming Final.

1.8    "Five Year Commitment Period" means the five year period of time beginning on the Effective Date.

1.9    "FDA" means the U.S. Food and Drug Administration.

1.10    "Judgment" means the Final Order and Judgment entered by the Court in a form substantially similar to the Proposed Final Order and Judgment attached hereto as Exhibit E.

1.11    "Person" means an individual, business or legal entity, including any corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12    "Plaintiffs" means Richard Pendolphia, on behalf of Laborers Tri-County Pension Fund, the Helene Gissen Revocable Trust a/k/a Helene Rosenthal, Philip E. McCarthy, William W. Prager, Jr., and Dr. David Sherr.

1.13   "Plaintiffs' Counsel" means Demand Futility Counsel and Demand Counsel.  <u>See</u> <u>also</u> ¶ 1.1 of this Stipulation.

1.14   "Preliminary Approval Order" means an order entered by the Court substantially in the form attached hereto as Exhibit D.

1.15   "Record Date" means June 1, 2007.

1.16   "Released Claims" means any and all claims, demands, rights, remedies, or causes of action, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation, or principle of equity, whether known or unknown, including without limitation Unknown Claims, whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were or that could have been asserted from the beginning of time through the Record Date against the Released Parties in the Second Amended Complaint, in the Demand Letter, or by any Schering Shareholder claiming in the right of, or on behalf of, Schering arising out of or related, directly or indirectly, in any way to any of the facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions, failures to act, or matters set forth, referred to, or that could have been alleged in the Second Amended Complaint or the Demand Letter, including, without limitation, with respect to the Demand Letter, any facts, allegations, events, occurrences, acts, disclosures, statements, omissions, or failures to act in response to or related in any way to the Demand Letter.  Nothing in this Stipulation of Settlement is intended, or shall operate, to release the securities claims asserted in the Consolidated Amended Class Action Complaint in <u>In re Schering-Plough Corp.</u> <u>Securities Litigation</u>, Master File No. 01-00829 (D.N.J.) (KSH).   By operation of the Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by

any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 (see ¶ 1.26, below).

1.17   "Released Parties" means all Settling Defendants, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

1.18   "Releasing Parties" means the Plaintiffs (individually, and derivatively on behalf of Schering), Schering, and the Schering Shareholders and any of their heirs, executors, administrators, predecessors, successors, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities.

1.19   "Schering Shareholders" means any Persons (other than Schering) who owned Schering common stock as of the Record Date.

1.20   "Settlement" means the agreement made and entered into by and among the Settling Parties and set forth in this Stipulation.

1.21   "Settlement Hearing" means the hearing the Settling Parties will request that the Court hold after distribution of the Settlement Notice in order to consider and determine, among other things, whether the Settlement should be approved, whether Judgment should be entered dismissing the Derivative Claims with prejudice, and whether and in what amount attorneys' fees and expenses should be awarded.

1.22    "Settlement Notice" means the notice of the Settlement that will be distributed pursuant to the Preliminary Approval Order, substantially in the form attached hereto as Exhibit B.

1.23    "Settling Defendants" means, collectively, nominal defendant Schering and the Individual Defendants.

1.24    "Summary Notice" means the summary form of notice to be published pursuant to the Preliminary Approval Order, substantially in the form attached hereto as Exhibit C.

1.25    "Tolling Agreements" means the Reservation of Rights and Tolling Agreements relating to matters resolved herein and effective commencing April 29, 2003.

1.26    "Unknown Claims" means any Released Claims that the Plaintiffs (individually, and derivatively on behalf of Schering), Schering, or any Schering Shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims.  The Settling Parties further agree that the Released Claims constitute an express waiver of all rights and protections afforded by California Civil Code § 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles.  Section 1542 states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

-11-

The Plaintiffs, Schering, and the Schering Shareholders shall be deemed by operation of the Judgment to have acknowledged that the release of Unknown Claims was separately bargained for and is a key element of the Settlement.

## 2.   SETTLEMENT OF THE DERIVATIVE CLAIMS

In settlement of and as a result of the Derivative Claims, Schering agrees, subject to Court approval of this Settlement becoming Final and the Effective Date occurring, to each of the following:

2.1   <u>Corporate Governance and Compliance Relief</u>.  Schering has adopted and taken, or agrees to adopt and to take, such actions as are necessary to implement the corporate governance and compliance measures set forth in the Agreement on Corporate Governance and Compliance Revisions attached hereto as Exhibit A.

2.2   <u>Funding</u>:

   a)   Schering agrees that, for the Five Year Commitment Period, it will commit from its treasury all funds as are necessary to fully implement the corporate governance and compliance-related commitments contained in Exhibit A attached hereto; and

   b)   If, during the Five Year Commitment Period, the senior compliance officer at Schering (presently the Senior Vice President, Global Compliance and Business Practices) wishes to seek additional funding for compliance-related expenditures, he or she shall be permitted at his or her option to petition directly the Board or an appropriate committee of the Board that such funding

be included in, or covered by, business plans and budgets that are approved by the Board or such committee.

2.3    Term of Agreement.  Any and all forward-looking provisions of this Settlement shall terminate five years from the Effective Date.  Schering shall have no obligations pursuant to this Settlement once the Five Year Commitment Period has passed.

2.4    None of the terms, agreements or modifications set forth in paragraphs 2.1 and 2.2 or Exhibit A shall be deemed to be an admission that Schering's prior corporate procedures were deficient.

2.5    Attorneys' Fees and Expenses.  Subject to approval by the Court, the Settling Defendants agree that, within 30 days of the Effective Date, an amount of $9.5 million plus expenses not to exceed $300,000 will be available to fund the attorneys' fees and expenses to be paid to Plaintiffs' Counsel.

## 3.    PRELIMINARY APPROVAL, NOTICE ORDERS, AND SETTLEMENT HEARING

3.1    Upon execution of this Stipulation by all Settling Parties, the Settling Parties shall submit this Stipulation, together with its Exhibits, to the Court, and shall apply for entry of a Preliminary Approval Order, substantially in the form of Exhibit D attached hereto, that (a) preliminarily approves the Settlement set forth in this Stipulation; (b) sets a date for the Settlement Hearing; (c) approves the Settlement Notice and the Summary Notice; and (d) preliminarily enjoins the Releasing Parties from commencing, instituting, or prosecuting any of the Released Claims.  Schering shall be responsible for paying all costs incurred in connection with the distribution of the Settlement Notice and Summary Notice and the costs incurred by the notice administrator.

3.2     The Settling Parties shall request that, after notice of the Settlement is made, the Court hold a Settlement Hearing to consider and determine:  (a) whether to approve the Settlement; (b) whether Judgment should be entered dismissing the Second Amended Complaint with prejudice, each party to bear its own costs; (c) whether permanently to bar and enjoin the Releasing Parties from litigating any of the Released Claims against any of the Released Parties; and (d) whether to approve the application of Plaintiffs' Counsel for an award of fees and reimbursement of expenses.

## 4.     **RELEASES AND BAR**

4.1     Upon the Effective Date, each of the Releasing Parties, on behalf of himself/herself and/or itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties, will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims and covenants not to bring any Released Claims.

4.2     Upon the Effective Date, each of the Settling Defendants, on behalf of him/herself and/or itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs and Plaintiffs' Counsel from all claims or

demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of the Derivative Claims and/or the Released Claims.

    4.3    Pending final approval of the Settlement by the Court, neither the Plaintiffs, Schering, nor any Schering Shareholder shall commence, maintain, or prosecute any action or proceeding against the Released Parties in any court or tribunal asserting any of the Released Claims.

    4.4    If any Settling Defendant files, commences, prosecutes, intervenes in, or otherwise participates in, any subsequent action or proceeding against the Released Parties, or asserts any claims (including claims for contribution or indemnity) against the Released Parties in any subsequent action or proceeding, nothing in paragraph 4.1 shall be deemed to have released claims, if any, that the Released Parties may have against any Settling Defendant relating in any way to the subject matter of that subsequent action or proceeding.

### 5.    PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

    5.1    Plaintiffs' Counsel will together apply to the Court for an award of attorneys' fees of $9.5 million and an award of expenses not to exceed $300,000. Schering will support such a fee and expense request. Schering's directors' and officers' insurers will pay such award, as is approved by the Court, to Plaintiffs' Counsel, in accordance with instructions from Plaintiffs' Counsel, within thirty (30) days of the Effective Date. Neither Schering nor its directors' and officers' insurance carriers shall have any obligation with respect to Plaintiffs' Counsel's fees and/or expenses beyond the amounts awarded by the Court in response to the application for fees and expenses agreed to in this paragraph 5.1.

5.2     The Settling Defendants, Schering, and their directors' and officers' insurers shall have no obligations or liability with respect to the apportionment or distribution of any attorneys' fees or expenses awarded by the Court.

5.3     No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the amount or allocation of attorneys' fees or expenses referenced in paragraph 5.1 shall constitute grounds for cancellation or termination of this Stipulation or prevent the Judgment from becoming Final.

5.4     Except as otherwise expressly provided in paragraphs 3.1 and 5.1, the Settling Parties shall bear their own attorneys' fees and costs incurred in connection with the Derivative Claims and Settlement.

## 6.     CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

6.1     The Settling Defendants and the Plaintiffs, each in his, her or its sole discretion, shall have the right to terminate the Settlement and this Stipulation by providing written notice of his or her election to do so within thirty (30) days of:  (a) the Court declining to enter in any material respect the proposed Preliminary Approval Order attached hereto as Exhibit D; (b) the Court refusing to approve the Stipulation or any material part of it; (c) the Court declining to enter in any material respect the Proposed Final Order and Judgment attached hereto as Exhibit E; or (d) the date upon which the Final Order and Judgment is modified or reversed in any material respect on appeal or by writ, except that, with respect to subparagraphs (b), (c) and (d) of this paragraph 6.1, an award of attorneys' fees and expenses that is less than the amount requested by Plaintiffs shall not be grounds for termination or cancellation of the Settlement.

6.2    Pending the Judgment becoming Final, the Settling Parties agree that all provisions, requirements and terms set forth in the Tolling Agreements remain in full force and effect.

6.3    In the event that the Settlement is not approved by the Court, or is terminated for any reason, the Tolling Agreements, consistent with paragraph 6.2 hereof, shall remain in effect until the date of the non-approval or termination of the Settlement, the parties thereto shall be restored to their respective positions in the Derivative Actions as of the date of the non-approval or termination of the Settlement, and all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and shall not be used in any manner or be admissible for any purpose in any of the Derivative Claims or in any other action or proceeding.  The parties preserve their rights to raise any argument as to the force and effect of the Tolling Agreements.

6.4    In the event that the Settlement is not approved by the Court, or is terminated for any reason, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties, and shall not be used or admitted in any of the Derivative Claims or in any other action or proceeding for any purpose, and any judgments or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated.

## 7.    **MISCELLANEOUS PROVISIONS**

7.1    The Settling Parties:  (a) acknowledge that it is their intent to consummate the terms and conditions of this Stipulation; (b) acknowledge that this Stipulation, including the agreement to pay attorneys' fees in the amount of $9.5 million plus expenses, subject to Court approval, has been authorized by the Board; and (c) agree to cooperate to the extent reasonably

necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

7.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among themselves with respect to the Derivative Claims.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, demand, or defense.  While the Settling Defendants deny that the claims and contentions advanced in the Second Amended Complaint and the Demand Letter are meritorious, the Settling Defendants agree that the Derivative Claims were filed or raised in good faith and are being settled voluntarily after negotiating at arm's length and in good faith after consultation with competent legal counsel.  The Settling Parties agree not to assert in any forum that the Derivative Claims were brought, commenced or prosecuted by Plaintiffs or defended by the Settling Defendants in bad faith.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Derivative Claims.  The Settling Parties agree that the terms of this Settlement, including the amount of attorneys' fees and expenses, were negotiated at arm's length and in good faith by the Settling Parties, including with the assistance of the mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

7.3     This Stipulation and its exhibits constitute the entire agreement among the Settling Parties concerning the Settlement of the Derivative Claims, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

7.4     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.5     All the agreements made and orders entered in the Federal Derivative Litigation concerning the confidentiality of documents and information and all agreements made by Demand Counsel concerning the confidentiality of documents and information shall survive this Stipulation and Settlement.  Within ten (10) business days after payment of any attorneys' fees and expenses awarded by the Court pursuant to this Stipulation, Plaintiffs' Counsel shall return to Counsel for the Settling Defendants all confidential material produced or otherwise transmitted to them.

7.6     Any written or oral public statement regarding the Settlement contained herein shall be limited to the terms set forth in this Stipulation and to statements that the Derivative Claims were resolved to the mutual satisfaction of the Settling Parties.  None of the Settling Parties shall make any public statement regarding the terms of this Stipulation or the Settlement contained herein that is critical of or disparages the Settlement or the conduct of the Settling Parties.

7.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.8     This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronically scanned counterparts.  All executed counterparts, including facsimile and/or electronically scanned counterparts, shall be deemed to be one and the same instrument.

7.9     This Stipulation shall be binding upon, and inure to the benefit of, the Settling

Parties and their respective successors, assigns, heirs, spouses, marital communities, executors,

administrators, and legal representatives.

7.10    This Stipulation shall not be construed more strictly against one Settling Party

over another merely by virtue of the fact that it, or any part of it, may have been prepared by

counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of

arm's length negotiations between the Settling Parties and all Settling Parties have contributed

substantially and materially to the preparation of this Stipulation.

7.11    The Settling Parties and their counsel agree to cooperate fully with one another in

seeking approval by the Court of the Preliminary Approval Order, the Stipulation and the

Settlement, and to promptly agree upon and execute all such other documentation as may be

reasonably required to obtain final approval of the Settlement by the Court.

7.12    All Persons executing this Stipulation and any of the Exhibits hereto, or any

related settlement documents, warrant and represent that they have the full authority to do so and

that they have the authority to take appropriate action required or permitted to be taken pursuant

to the Stipulation to effectuate its terms.

7.13    The waiver by any party of any breach of this Stipulation shall not be deemed or

construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous

with, the execution of this Stipulation.

7.14    Without affecting the finality of the Judgment entered in accordance with this

Stipulation, the Court shall retain jurisdiction with respect to the implementation and

enforcement of the terms of this Stipulation, and the Settling Parties hereto submit to the

jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7.15    The rights and obligations of the Settling Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to any state's choice-of-law principles.

7.16    Any notice required by this Stipulation shall be submitted in writing and delivered either by overnight mail, electronic mail, facsimile or in person as follows:

If to Demand Futility Counsel:

> Karen L. Morris
> MORRIS AND MORRIS LLC
> COUNSELORS AT LAW
> 4001 Kennett Pike
> Suite 300
> Wilmington, Delaware  19807
> Tel:  (302) 426-0400
> Fax:  (302) 426-0406
>
> and
>
> Deborah Gross
> LAW OFFICES, BERNARD M. GROSS, P.C.
> Suite 450, John Wanamaker Building
> Juniper and Market Streets
> Philadelphia, Pennsylvania 19107
> Tel:  (215) 561-3600
> Fax:  (215) 561-3000

If to Demand Counsel:

> Jeffrey S. Abraham
> ABRAHAM, FRUCHTER & TWERSKY LLP
> One Penn Plaza
> Suite 2805
> New York, NY  10119-2805
> Tel:  212-279-5050
> Fax:  212-279-3655

If to counsel for the Settling Defendants:

David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019-6150
Tel: (212) 403-1000
Fax:  (212) 403-2000

and

Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey  07068-1791
Tel: (973) 597-2500
Fax:  (973) 597-2349

with a copy to:

Thomas J. Sabatino
Executive Vice President and General Counsel
Schering-Plough Corporation
2000 Galloping Hill Road
Kenilworth, New Jersey  07033-0530
Fax:  (908) 298-7555

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

Dated: October 22, 2007

Karen L. Morris
MORRIS AND MORRIS LLC
COUNSELORS AT LAW
4001 Kennett Pike
Suite 300
Wilmington, Delaware  19807
Tel: (302) 426-0400
Fax: (302) 426-0406
*Attorneys for Demand Futility Plaintiffs*

Dated: October ___, 2007

_____
Deborah Gross
LAW OFFICES BERNARD M. GROSS, P.C.
Suite 450, John Wanamaker Building

-22-

If to counsel for the Settling Defendants:

David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000

and

Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2500
Fax: (973) 597-2349

with a copy to:

Thomas J. Sabatino
Executive Vice President and General Counsel
Schering-Plough Corporation
2000 Galloping Hill Road
Kenilworth, New Jersey 07033-0530
Fax: (908) 298-7555

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

Dated: October __, 2007

_____
Karen L. Morris
MORRIS AND MORRIS LLC
COUNSELORS AT LAW
4001 Kennett Pike
Suite 300
Wilmington, Delaware 19807
Tel: (302) 426-0400
Fax: (302) 426-0406
*Attorneys for Demand Futility Plaintiffs*

Dated: October 19, 2007

_____
Deborah Gross
LAW OFFICES BERNARD M. GROSS, P.C.
Suite 450, John Wanamaker Building

-22-

Juniper and Market Streets
Philadelphia, Pennsylvania 19107
Tel: (215) 561-3600
Fax: (215) 561-3000
*Attorneys for Demand Futility Plaintiffs*

Dated: October ⅃, 2007

Olimpio Lee Squitieri, Esq.
SQUITIERI & FEARON, LLP
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: (201) 200-0900
Fax: (201) 200-9008
*Attorneys for Demand Futility Plaintiffs*

Dated: October __, 2007

Jeffrey S. Abraham
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza
Suite 2805
New York, NY 10119-2805
Tel: 212-279-5050
Fax: 212-279-3655
*Attorneys for Demand Plaintiff*

Dated: October __, 2007

David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000
*Attorneys for Schering-Plough Corporation and
the Individual Defendants*

Dated: October __, 2007

Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2348
Fax: (973) 597-2349

-23-

Juniper and Market Streets
Philadelphia, Pennsylvania 19107
Tel: (215) 561-3600
Fax: (215) 561-3000
*Attorneys for Demand Futility Plaintiffs*

Dated: October ___, 2007

_____
Olimpio Lee Squitieri, Esq.
SQUITIERI & FEARON, LLP
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: (201) 200-0900
Fax: (201) 200-9008
*Attorneys for Demand Futility Plaintiffs*

Dated: October 22 2007

_____
Jeffrey S. Abraham
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza
Suite 2805
New York, NY 10119-2805
Tel: 212-279-5050
Fax: 212-279-3655
*Attorneys for Demand Plaintiff*

Dated: October ___, 2007

_____
David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000
*Attorneys for Schering-Plough Corporation and
the Individual Defendants*

Dated: October ___, 2007

_____
Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2348
Fax: (973) 597-2349

-23-

Juniper and Market Streets
Philadelphia, Pennsylvania 19107
Tel: (215) 561-3600
Fax: (215) 561-3000
*Attorneys for Demand Futility Plaintiffs*

Dated: October __, 2007

_____
Olimpio Lee Squitieri, Esq.
SQUITIERI & FEARON, LLP
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: (201) 200-0900
Fax: (201) 200-9008
*Attorneys for Demand Futility Plaintiffs*

Dated: October __, 2007

_____
Jeffrey S. Abraham
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza
Suite 2805
New York, NY 10119-2805
Tel: 212-279-5050
Fax: 212-279-3655
*Attorneys for Demand Plaintiff*

Dated: October 1E, 2007

_____
David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000
*Attorneys for Schering-Plough Corporation and
the Individual Defendants*

Dated: October __, 2007

_____
Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2348
Fax: (973) 597-2349

-23-

Juniper and Market Streets
Philadelphia, Pennsylvania 19107
Tel: (215) 561-3600
Fax: (215) 561-3000
*Attorneys for Demand Futility Plaintiffs*

Dated: October __, 2007

_____
Olimpio Lee Squitieri, Esq.
SQUITIERI & FEARON, LLP
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: (201) 200-0900
Fax: (201) 200-9008
*Attorneys for Demand Futility Plaintiffs*

Dated: October __, 2007

_____
Jeffrey S. Abraham
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza
Suite 2805
New York, NY 10119-2805
Tel: 212-279-5050
Fax: 212-279-3655
*Attorneys for Demand Plaintiff*

Dated: October __, 2007

_____
David M. Murphy
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000
*Attorneys for Schering-Plough Corporation and
the Individual Defendants*

Dated: October 1, 2007

_____
Douglas S. Eakeley
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2348
Fax: (973) 597-2349

-23-

*Attorneys for Schering-Plough Corporation and
the Individual Defendants*